Order, Supreme Court, New York County (Paul Wooten, J.), entered January 15, 2013, which, to the extent appealed from as limited by the briefs, denied the motion of defendants-appellants Mystic West Realty Corp., doing business as Rosie O’Grady’s, and Trel Restaurant Inc., doing business as Rosie O’Grady’s, for summary judgment dismissing the complaint and cross claims as against them, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and cross claims as against those defendants.
Plaintiff Jenice McGinley alleges that she slipped and fell on a substance allegedly leaking frbm a garbage bag in front of defendant church. Defendants-appellants made a prima facie showing of their entitlement to judgment as a matter of law by *505 submitting an affidavit from Mystic’s general manager stating that neither entity was the owner of the abutting property and thus did not incur a statutory duty to maintain the sidewalk in reasonably safe condition pursuant to Administrative Code of City of NY § 7-210, and that neither entity ever placed garbage bags in front of the church’s premises (see Leary v Dallas BBQ, 91 AD3d 519 [1st Dept 2012]).
The affidavits the church submitted in opposition to the motion were insufficient to raise an issue of fact. The affidavit of the church’s rector was essentially hearsay, as it reported what he had learned from the church’s porters concerning disposal of garbage by defendants-appellants, the Times Square defendants, and residents across the street. Further, the rector did not know if what he had learned concerned the day of plaintiffs accident. The affidavit from the church’s porter, while acceptable in form (see CPLR 2101 [b]), did not supply nonhearsay evidence sufficient to raise an issue of fact (see Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [1st Dept 2010]). Indeed, it does not assert that defendants-appellants left garbage outside the church on or about the date of the accident. Rather, it states that the porter never saw garbage leaking from any garbage bag in front of the church, whether placed by the church, by defendants-appellants’ employees or by anyone else.
In a reply affidavit, Mystic’s general manager stated that, for the last 15 years, nightly trash pick up has been provided to the restaurant by a commercial garbage removal service between the hours of midnight and 1:00 a.m. With respect to photographs provided by plaintiffs depicting a public trash receptacle surrounded by trash bags, some bearing the logo “Times Square Alliance,” he stated that the restaurant has never used trash bags of that type and never uses the public receptacle to dispose of its garbage.
Plaintiffs’ assertions that workers from Mystic or Times Square Alliance or unidentified residents across the street may have deposited the leaking trash bag on church property are “mere conclusions, expressions of hope or unsubstantiated allegations” that fail to comport with the requirement to tender proof in admissible form to defeat a summary judgment motion (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Nor have plaintiffs and the other opposing parties shown that discovery is necessary to oppose the motion (see CPLR 3212 [f]). Indeed, they have expressed no more than “[m]ere hope that somehow the plaintiffs will uncover evidence that will prove their case,” which is insufficient to preclude the grant of summary judgment (Fulton v Allstate Ins. Co., 14 AD3d 380, 381 *506 [1st Dept 2005] [internal quotation marks omitted]).
Concur— Tom, J.E, DeGrasse and Freedman, JJ.